UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
October 2, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CR 17-561 GW |
| Title | United States v. Robinson |
| Date | October 2, 2017 |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Government: | Attorneys Present for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**   ORDER OF DETENTION

The Court conducted a detention hearing on:

☒   The motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving: an offense with maximum sentence of life imprisonment or death.

☐   The motion of the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving:

☒   The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2-3)].

☒   The Court finds that the defendant ☐ has ☒ has not rebutted the presumption under 18 U.S.C. § 3142(e)(2-3) by sufficient evidence to the contrary.

* * *

The Court finds that no condition or combination of conditions will reasonably assure:
 ☐ the appearance of the defendant as required.
 ☒ the safety of any person or the community.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CR 17-561 GW |
| Title | United States v. Robinson |
| Date | October 2, 2017 |

The Court bases its findings on the following [18 U.S.C. § 3142(g)]:

- ☒ Nature and circumstances of offense charged
- ☒ Weight of known evidence against defendant
- ☒ Lack of bail resources
- ☒ No stable residence, employment, or community ties
- ☐ Ties to foreign countries
- ☐ Substance abuse
- ☐ Nature of previous criminal convictions
- ☐ Previous failure to appear or violations of probation, parole, or release
- ☐ Already in custody on state or federal offense
- ☐ Refusal to interview with Pretrial Services or verify information
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2-3)]
- ☐

☐ Defendant did not oppose the detention request.

**N.B.** – The Court makes its detention decision in the alternative. That is, for the reasons stated at the continued detention hearing (Oct. 2, 2017), the Court finds that (a) Defendant failed to rebut the statutory presumption that she is a danger to the community and risk of non-appearance under 18 U.S.C. § 3142(e)(2-3) and, (b) if the presumption were to have been rebutted, the government demonstrated by clear and convincing evidence that the Court cannot set conditions to abate the danger to the community. United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (rebutted presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)").

In reaching this decision, the Court takes note of the nature of the proffered sureties, the evidence described by the government, the nature of the current criminal charges, and the sequence of events described in the indictment and at the detention hearing.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 17-561 GW | Date | October 2, 2017 |
|---|---|---|---|
| Title | United States v. Robinson | | |

    IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]